UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23CR708 RLW(SRW) |
| XAVIER ROLLEY, | ) ) ) |
| Defendant. | ) |

**ORDER FOR PRETRIAL RELEASE**

On February 5, 2024 this matter came before the undersigned United States Magistrate Judge for a hearing on the United States' motion for pretrial detention (Doc. 4). The Bail Reform Act requires that, before conducting a requested detention hearing, the court determine that a hearing is authorized under section 3142(f). Section 3142(f)(1) authorizes a detention hearing in a case involving (1) a crime of violence; (2) an offense carrying a penalty of life imprisonment or death; (3) a federal drug offense carrying a penalty of ten years or more; (4) a felony following convictions for two or more of the three foregoing offenses; or (5) any felony that is not otherwise a crime of violence that involves a minor victim, or that involves the possession or use of a firearm or destructive device or any other dangerous weapon or involves a failure to register as a sex offender. 18 U.S.C. §3142(f)(1). Alternatively, the court may hold a hearing on its own motion or the government's motion in a case that involves a serious risk of flight or a serious risk that the person will obstruct or attempt to obstruct justice; threaten, injure or intimidate or

attempt to threaten, injure or intimidate a prospective witness or juror. 18 U.S.C. §3142(f)(2). In this case, a detention hearing was authorized under section 3142(f)(1) because defendant is charged with being a felon in possession of a firearm—a felony offense that is not necessarily a crime of violence but involves use or possession of a firearm or destructive device or any other dangerous weapon.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained:

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

In determining whether there are conditions that will reasonably assure a defendant's appearance or the safety of the community, the Bail Reform Act requires consideration of: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including defendant's past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the danger the defendant poses to any person or the community upon his release. 18 U.S.C. § 3142(g).

As the Eighth Circuit has explained, in passing the Bail Reform Act, Congress was "demonstrating its concern about 'a small but identifiable group of particularly dangerous defendants.'" *Orta*, 760 F.2d at 890 (quoting S.Rep. No. 225, 98th Cong., 1st Sess. 6-7). "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *Id.* at 891. As the *Orta* Court explained: "[T]he legislative history stresses that the decision to provide for pretrial detention is in no way a derogation of the importance of the defendant's interest in remaining at liberty prior to trial. ***It is anticipated that pretrial release will continue to be appropriate for the majority of Federal defendants***." *Id.* at 890 (citing S.Rep. No. 225, 98th Cong., 1st Sess. p. 12) (emphasis in original).

As the Supreme Court recognized in *United States v. Salerno*, 481 U.S. 739, 755 (1987), "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception . . . ." As such, "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985).

The nature and circumstances of the offense and the weight of the evidence makes this is case a close call regarding detention. According to information proffered by the United States, on April 16, 2023, officers with the St. Louis County Police Department responded to a QuikTrip at 702 Lemay Ferry after an individual called 911 to report being followed in his vehicle by an individual who had flourished a firearm at him after

3

an accident between the caller and the individual. As officers arrived on scene, the defendant, later identified as Rolley, was outside of his vehicle yelling at an individual that officers later identified as the 911 caller. Officers were able to intervene and deescalate the situation. Based on information from the 911 call, the officers asked the defendant if he was armed, at which time the defendant, a previously convicted felon, told officers he had a firearm in his vehicle. Officers located and seized the firearm. The allegations that defendant, in an act of road rage, flourished a firearm at another driver and then followed and confronted that driver are very alarming and weigh in favor of detention. However, the circumstances are mitigated somewhat by the fact that the defendant had the presence of mind to leave the firearm in the car when confronting the other driver and then cooperated with police when asked if he was armed.

The weight of the evidence also leans in favor of detention because, in addition to a recorded 911 call indicating the defendant flourished a firearm at the caller, the defendant, who is prohibited from possessing a firearm, reportedly admitted to police he had a firearm in his car and police found and seized that firearm from defendant's car.

Defendant's personal history and characteristics present a mixed bag but weighs more in favor of release than detention. Defendant was born in Hopkinsville, Kentucky, but has lived within the Eastern District of Missouri since age three. He is gainfully employed as a welder and has a stable home where he lives with his mother, girlfriend, minor son, and sister. The defendant does not have a passport and has never traveled

outside the United States. The defendant has five prior felony convictions with the most recent conviction occurring in 2018 for possession of a controlled substance. Although the defendant incurred violations while under supervision, he was successfully discharged from parole in each case, demonstrating defendant can comply while under supervision.

Regarding the danger the defendant's release might pose, other than the instant offense, which involved an act of road rage, there is no evidence suggesting the defendant has a history of violent or firearm-related criminal conduct.

While the circumstances of the offense are concerning, after considering the risks posed by this defendant, Pretrial Services has recommended conditions it believes would reasonably assure his appearance and the safety of the community if he is released. ECF No. 15. The Court has reviewed the recommended conditions and finds that, while this case presents a close call, the Bail Reform Act contemplates that "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Motamedi*, 767 F.2d at 1405.

In sum, after considering the §3142(g) factors and all evidence of record, including evidence proffered by the United States in its written motion for pretrial detention, the written report submitted by Pretrial Services, and evidence proffered by both parties at the detention hearing, I find that the United States failed to demonstrate by clear and convincing evidence that no conditions will reasonably assure the safety of the

community. I also find the United States failed to demonstrate by a preponderance of the evidence that no conditions will reasonably assure the Defendant's appearance.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' motion for pretrial detention (Doc. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that the undersigned will set appropriate bond conditions at a bond execution hearing in **Courtroom 13 South** on **February 8, 2024, at 12:45 p.m.**

_____
SHIRLEY PADMORE MENSAH
U.S. MAGISTRATE JUDGE

Dated: February 7, 2024